Robert Barnes, Bar Number 119515
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067
Telephone: (310) 788-1000
Facsimile: (310) 788-1200

Thomas A. Smart (Not admitted in California)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Telephone: (212) 836-8000
Fax: (212) 836-7158

Attorneys for Plaintiff
RICHARD SCHWARTZ
ORIGINAL FILED
APR 1 5 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing


ADR

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| RICHARD SCHWARTZ,<br><br>    Plaintiff,<br><br>    v.<br><br>BERKELEY HISTORICAL SOCIETY,<br><br>    Defendant. | C05-01551 JCS<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff RICHARD SCHWARTZ alleges as follows:

### INTRODUCTION

1. Plaintiff, Richard Schwartz, is a local Berkeley historian and author who seeks a declaration by this Court that the policies of defendant Berkeley Historical Society ("BHS") with respect to the use of public domain photographs in its collection whose copyrights BHS does not own and have long since expired, are unlawful and unenforceable. BHS's policies directly conflict with the Copyright Act because they impose restrictions on Mr. Schwartz's ability to use public domain
1
31050394_V17.DOC

Robert Barnes, Bar Number 119515
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067
Telephone: (310) 788-1000
Facsimile: (310) 788-1200

Thomas A. Smart (Not admitted in California)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Telephone: (212) 836-8000
Fax: (212) 836-7158

Attorneys for Plaintiff
RICHARD SCHWARTZ

ORIGINAL FILED
APR 1 5 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing



ADR

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| RICHARD SCHWARTZ,<br><br>    Plaintiff,<br><br>    v.<br><br>BERKELEY HISTORICAL SOCIETY,<br><br>    Defendant. | C05-01551 JCS<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff RICHARD SCHWARTZ alleges as follows:

### INTRODUCTION

1. Plaintiff, Richard Schwartz, is a local Berkeley historian and author who seeks a declaration by this Court that the policies of defendant Berkeley Historical Society ("BHS") with respect to the use of public domain photographs in its collection whose copyrights BHS does not own and have long since expired, are unlawful and unenforceable. BHS's policies directly conflict with the Copyright Act because they impose restrictions on Mr. Schwartz's ability to use public domain

photographs to promote, advertise, and market his own written works and seek to restrict the use of works that are in the public domain. Because the Copyright Act by its express terms preempts all state laws relating to the subject matter of copyright, and BHS is seeking to use state law to enforce purported rights that are exclusively within the province of the federal Copyright Act, BHS's policies are preempted and are not enforceable. Unless the Court intervenes and declares BHS's policies unenforceable, BHS will continue to seek to enforce copyright rights in public domain works to the detriment of Mr. Schwartz's research and publication endeavors.

## JURISDICTION AND VENUE

2. This action arises under the Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.* (the "Copyright Act"). This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. The Court has personal jurisdiction over the defendant by reason of its transacting business in California and, also, by engaging in conduct deliberately calculated to cause, and which has caused, injury and damage to Mr. Schwartz in the Northern District of California where Mr. Schwartz resides.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1400 because this is an action relating to copyrights and the defendant resides in this district, and pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to plaintiff's claim occurred in this district.

## PARTIES

5. Richard Schwartz is an author and local historian who lives in Berkeley, California.

6. On information and belief, defendant Berkeley Historical Society ("BHS") is a non-profit corporation. Its principal place of business is at 1931 Center Street, Berkeley, California.

## FACTUAL BACKGROUND

7. Mr. Schwartz is a local historian and author of the self-published book *Berkeley 1900*, a book that describes life in Berkeley at the turn of the Twentieth Century through contemporary newspaper reports and photographs. *Berkeley 1900* includes photographs from BHS's collection which Mr. Schwartz purchased and obtained permission from BHS to use. Mr. Schwartz intends to publish a prequel to *Berkeley 1900* concentrating on life in the town in the 1880s which will include public domain photographs that Mr. Schwartz purchased from BHS.

31050394_V17.DOC

8. *Berkeley 1900* has been praised as a valuable addition to the knowledge and understanding of Berkeley's history. Mr. Schwartz has sold eight thousand copies of the book from Berkeley book stores and other local outlets, including the Ace Hardware store in Berkeley, which displayed photographs from the book in its store window to promote sales.

9. Two of the seven photographs that William Carpenter, the owner of the Berkeley Ace Hardware store, selected for his window display were those whose use and reproduction rights Mr. Schwartz had previously purchased from BHS. These photographs remained on display for over two years.

10. On or around February, 2004, the then President of BHS, Mr. Tom Edwards, told Mr. Carpenter that two of the photographs in the display window at Ace Hardware in Berkeley, which were being used to promote *Berkeley 1900*, were the property of BHS and that they could not be displayed without BHS's permission. Thus, even though BHS had granted Mr. Schwartz permission to use the two photographs in the book *Berkeley 1900*, BHS took the position that the permission granted to Mr. Schwartz to reproduce the two photographs for use in his book did not include the right to make copies to promote or help sell the book. Mr. Edwards demanded on behalf of BHS that Mr. Carpenter remove the two photographs from the Ace Hardware store window. In response, Mr. Carpenter removed the two photographs from the store's display window.

11. In support of its demand that the photographs be removed from the display window, BHS relied on a "One Time Use Agreement" between Mr. Schwartz and BHS that Mr. Schwartz had signed before including the photographs in his book *Berkeley 1900* for which he paid fees to BHS. The agreement provided, *inter alia*, that "All Berkeley Historical Society photo prints or digital copies may not be published in any form without paying a fee and signing a One Time Use Agreement." *See* Exhibit A. The Agreement purports to limit publication rights for five years, and prohibits the user from transferring ownership.

12. BHS has also taken the position that Mr. Schwartz is bound by the "Berkeley Historical Society Photographic Reproduction Policy" which states that "Berkeley Historical Society photo prints cannot be published in any form without paying a separate fee and signing a one-time use agreement." *See* Exhibit B. This policy also states: "Patrons are responsible for honoring the United

3

States copyright laws."

13. BHS's position is that Mr. Schwartz is allowed to use the public domain photographs in his books but that he is not permitted to make other copies of the same photographs to promote and market the books in which the very same photographs appear. In sum, BHS is restricting the ability of Mr. Schwartz, a member of the public, to copy, disseminate, reprint, and resell copies of certain photographs in its collection that have fallen into the public domain.

14. The owner of a public domain work has no right to restrict the copying and dissemination of the work. The copyrights on the photographs for which Mr. Schwartz obtained "permission" to use from BHS have long since expired, leaving the photographs in the public domain. Moreover, there is no evidence that BHS was ever the copyright owner of these photographs. As such, the use of the photographs cannot be restricted by BHS by way of a contract or otherwise.

15. BHS's attempt to limit Mr. Schwartz's ability to make copies and reproductions of public domain works, and to distribute and display such copies, is expressly preempted by Section 301 of the Copyright Act, 17 U.S.C. § 301, which expressly preempts state law rights that purport to govern the subject matter of the Copyright Act. In particular, Section 106 defines the subject matter of the Copyright Act to include, *inter alia*, the right to reproduce, copy, prepare derivative works and distribute or display such copies. Under the Copyright Act, the copyright on the works Mr. Schwartz obtained from BHS has long since expired and passed into the public domain. Mr. Schwartz is thus free under the Copyright Act to make any and all copies of the BHS public domain works for whatever purpose. BHS is, in essence, seeking to revive copyrights in works which are not entitled to protection under the federal Copyright Act.

16. Mr. Schwartz has advised BHS that he intends to publish a book about the history of Berkeley in the 1880s which will draw upon public domain photographs that Mr. Schwartz purchased from BHS. BHS has informed Mr. Schwartz through its attorneys that it is BHS's position that Mr. Schwartz does not have permission to copy, publish or display any public domain photographs that he uses in the book for purposes of promoting the book, as opposed to reproducing the photographs in the book itself, on the grounds that any such activities are prohibited by the One Time Use Agreement.

## CAUSE OF ACTION

### (Declaratory Relief)

17. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 16 of this complaint.

18. Plaintiff brings this action for a judgment pursuant to 28 U.S.C. § 2201 declaring that defendant's policies and restrictions on use of photographs be declared legally unenforceable as an attempt to enforce copyrights that have expired and fallen into the public domain. Any contract that prohibits an individual from copying works that are in the public domain is unenforceable because enforcement of such a contract is prohibited by the Copyright Act and its preemption clause, 17 U.S.C. § 301.

19. As a result, an actual, real and substantial controversy has arisen under the federal Copyright Act because plaintiff plans to continue to publicize, promote and market *Berkeley 1900* and future books, articles, publications and lectures with copies of public domain photographs that he obtained from BHS's collection, and it is BHS's stated policy to seek to enforce copyright rights in such public domain works, as it did previously at the Ace Hardware store with respect to promotion of the book *Berkeley 1900*. Defendant's policy is in direct contravention of the preemption clause of the Copyright Act, 17 U.S.C. § 301, and should be declared void and unenforceable.

20. Defendant has attempted to enforce these invalid restrictions in the past, when BHS's president demanded that Mr. Carpenter remove the public domain photographs from the Ace Hardware store window display, and has threatened to enforce them in the future. These restrictions threaten to curtail Mr. Schwartz's publishing, copying, display, and publicity rights provided under the Copyright Act for holders of public domain materials. In essence, BHS's restrictive policies amount to an unlawful attempt to revive the copyrights of the public domain works and claim copyright protection over the works for BHS's benefit, even though BHS has never had any copyright interests in the photographs when the copyright was valid. Furthermore, because Mr. Schwartz is self-publishing, he must invest tens of thousands of dollars of his own money to print his books. Because of the real and present threat that BHS will directly and indirectly interfere with his publishing efforts and block promotion of his books, his personal investments are at risk, further

31050394_V17.DOC

warranting the need for declaratory relief.

21. Plaintiff therefore seeks a judicial declaration of his rights with respect to the photographs that are in the public domain and a declaration that defendant's policies with respect to photographs in the public domain are legally unenforceable.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for relief as follows:

1. For a declaration that defendant's policies regarding use of photographs in the public domain are unenforceable as violative of the Copyright Act and that Mr. Schwartz is under no constraint on how he uses public domain photographs that he has bought or will buy from BHS;

2. For its costs of suit and attorneys' fees; and

3. For such other further relief as this Court may deem just and appropriate.

DATED: April 14, 2005

KAYE SCHOLER LLP

By: *Robert Barnes*
Robert Barnes

Attorneys for Plaintiff

31050394_V17.DOC

# BERKELEY HISTORICAL SOCIETY
## One Time Use Agreement.

Berkeley Historical Society photo prints or digital copies may not be published in any form without paying a fee and signing a one-time use agreement. For publication of images not owned by the Berkeley Historical Society, the applicant must obtain written permission of the copyright holder. The Berkeley Historical Society makes no warranty and assumes no responsibility for claims against the applicant or the Berkeley Historical Society by photographers, estates, agents, or parties in connection with the reproduction of Berkeley Historical Society materials.

All photographs must be credited Courtesy of the Berkeley Historical Society and include a catalogue number. Images may not be altered beyond standard cropping or resizing, and must be fully toned. All digital copies and copy negatives furnished remain the property of the Berkeley Historical Society which reserves the right to restrict the use of its images and limit the number of photographic or digital copies used.

Permission for publication is granted to the applicant and is not transferable. Rights are granted for five years, termination upon publication, and are not exclusive. Permission to publish our photographs is granted only on payment in advance. Digital copies must be returned ~~within the period agreed upon. Copy negatives of work prints need not be returned but are limited to a one time use.~~

Numbers of Copy Negatives: N/A

Numbers of Digital Images: 1465 - 1515

to be returned by: 3/10/00

I have read the above and agree to the stated conditions:

Print name: Richard Schwartz
Address: 1676 Tacoma Ave   City: Berkeley   Zip: 94707
Telephone: 510 524-1683

Signed: [signature]   Date: 1/13/05

# BERKELEY HISTORICAL SOCIETY
# PHOTOGRAPHIC REPRODUCTION POLICY

### PHOTOGRAPHIC PRINTS FROM NEGATIVES

| | |
|---|---|
| 5 x 7 | $18 |
| 8 x 10 | $22 |
| 11 x 14 | $25 |

When a negative does not exist, there will be a $15 additional charge for the cost of making the copy negative. The negative will be remain the property of the Berkeley Historical Society and is not for sale. The archival negative is to be used once to make a copy negative and once for a digital scan.

Please allow three weeks for processing your order. Rush orders of one week are charged at double the rate.

### DYE- SUBLIMATION PRINTS FROM PHOTO SCANS at 300 dpi
(High quality continuous tone prints)

up to 8 x 10    $22

Digital scans are made by and remain the property of the Berkeley Historical Society.
Please allow two weeks for processing your scanned print order. Orders submitted on Thursday may be ready by Saturday, if absolutely necessary.

### LASER COPIES
Laser copies of archival photographs are not permitted. Copies of existing work prints can be made for $10. Please allow one week for processing your order.

## GENERAL POLICY

Berkeley Historical Society photo prints cannot be published in any form without paying a separate fee and signing a one-time use agreement.

In order to duplicate and use images not owned by the Berkeley Historical Society, the applicant must obtain written permission of the copyright holder. Patrons are responsible for honoring the United States copyright laws.

The Berkeley Historical Society is open Thursday through Saturday from 1:00 to 4:00.
Please submit your photo reproduction orders by 3:45 and pick up your order during these hours.
Be sure to allow enough time for processing of your order. Payment must be made in advance.
For mail orders add $2 for a minimum order and $3 for 6 + items.

Prices in effect December 1999. Prices subject to change.